UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY G. HERBERT,<br><br>                    Plaintiff,<br><br>     v.<br><br>CLAUDIA BALDUCCI, *et al.*,<br><br>                    Defendants. | Case No. C12-1429-MJP-JPD<br><br>ORDER RE: PLAINTIFF'S PENDING MOTIONS |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter comes before the Court at the present time on plaintiff 's numerous pending motions.  The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby find and ORDER as follows:

(1)     Plaintiff's motion to void plaintiff's motion to "cease psychiatric treatment" (Dkt. No. 16) is GRANTED.  Plaintiff, by way of the instant motion, seeks to void a motion referenced in this Court's prior Order directing service of the complaint upon defendants.  In that Order, the Court directed service of "plaintiff's motion to cease psychiatric treatment" on the Washington

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

Attorney General's Office. Plaintiff maintains, correctly, that he never submitted such a motion to the Court. The reference to that motion in the service order was inadvertent and should be disregarded by the parties.

(2) Plaintiff's motions for the court to provide courtesy copies of all past and future documents submitted to the court (Dkt. Nos. 17 and 32) are GRANTED in part and DENIED in part. Plaintiff requests that he be provided with copies of all documents previously filed in this case and that the court provide courtesy copies of all future documents submitted by plaintiff to both plaintiff and to the defendants. As to documents previously submitted to the court for filing, this Court deems it appropriate to ensure that plaintiff has a copy of his amended complaint, with attachments, and a copy of the docket sheet. If plaintiff desires copies of additional documents he may obtain those documents by contacting the Clerk and submitting the requisite copy fee. As to future submissions, plaintiff will remain responsible for providing copies of all future filing to counsel for defendants and for retaining copies of any such documents for himself.[1]

(3) Plaintiff's motion for a copy of the local rules (Dkt. No. 18) is DENIED. Plaintiff asserts that though he has been directed by this Court to abide by the local rules, he has no ability to purchase a copy of the rules or to access them via the internet. He therefore requests that the Court provide him a copy of the local rules at no cost. While plaintiff may not have the ability to access the internet at the King County Correctional Facility, the local rules of this Court should be available to him in some form at the facility. Plaintiff is directed to pursue this matter through appropriate institutional processes.

---

[1] This ruling renders moot plaintiff's requests for copies of documents set forth in letters dated March 18, 2013 and March 29, 2013. (Dkt. Nos. 29 and 31.)

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

(4)     Plaintiff's emergency motion for the King County Correctional Facility to stop withholding his mail and legal papers (Dkt. No. 22) and his motion for the court to conduct an injunction hearing (Dkt. No. 40) are construed as motions for preliminary injunctive relief. Defendants are directed to file a response to plaintiff's requests for preliminary injunctive relief not later than *May 20, 2013*.  Plaintiff's motions for injunctive relief will be considered together on *May 24, 2013*.  The Clerk shall note both motions (Dkt. Nos. 22 and 40) on the Court's calendar for consideration on that date.

(5)     Plaintiff's second and third motions for appointment of counsel (Dkt. Nos. 24 and 34) are DENIED.  As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.  Plaintiff has not demonstrated in his current motions for appointment of counsel that his case involves exceptional circumstances which warrant appointment of counsel at the present time.

(6)     Plaintiff's motion for entry of default (Dkt. No. 28) is DENIED.  Plaintiff complains in his motion for entry of default that defendants failed to timely serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.  A

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3

review of this Court's records reveals that defendants' responsive pleading was due by March 19, 2013, but was not filed until March 21, 2013.

The Ninth Circuit has made clear that default judgments are generally disfavored, and that cases should be decided on the merits whenever reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). While defendants' answer was technically untimely, plaintiff does not demonstrate, nor does he even argue, that he suffered any prejudices as a result of this very minor delay. This action will proceed.

(7) Plaintiff's motion for an order directing defendants to provide him access to a laptop computer in order to review requested discovery (Dkt. No. 33) is GRANTED. Defendants agree that plaintiff should be provided access to a laptop computer for purposes of reviewing certain discovery; *i.e.*, audio recordings of plaintiff's telephone calls, but they request that a proposed protective order be entered to ensure that plaintiff's review is conducted under conditions which protect institutional security. Plaintiff has not opposed entry of the proposed protective order. Accordingly, the Court will enter the proposed order presented by defendants in conjunction with their response to plaintiff's motion (*see* Dkt. No. 38-1).

(8) The Clerk is directed to send a copy of this Order to plaintiff together with a copy of his amended complaint (Dkt. No. 13) and a current copy of the docket sheet. The Clerk is further directed to send copies of this Order to counsel for defendants and to the Honorable Marsha J. Pechman.

DATED this 6th day of May, 2013.

JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 4