UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY G. HERBERT

                              Plaintiff,

        v.

CLAUDIA BALDUCCI, *et al.*,

                              Defendants.

Case No. C12-1429-MJP-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983.  This matter is now before the Court on plaintiff's motions for preliminary injunctive relief.  This Court, having reviewed plaintiff's amended complaint, his motions for injunctive relief, defendants' response to plaintiff's motions, and the balance of the record, concludes that plaintiff's motions for preliminary injunctive relief should be denied.[1]

---

[1] Plaintiff's motion to continue the preliminary injunction hearing (Dkt. No. 47) and his motion to strike his motion to continue (Dkt. No. 58) are STRICKEN as moot.  Plaintiff is advised that if he wishes to obtain relief from other pretrial deadlines, he should file a separate motion seeking such relief and he should make clear in any such motion the precise deadline he seeks relief from and the reasons he believes he is entitled to the relief requested.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Plaintiff is currently confined at the King County Correctional Facility ("KCCF") in Seattle, Washington.  Plaintiff asserts in his amended complaint that this lawsuit is about unconstitutional policies at KCCF.  Specifically, he complains that maintaining only two legal computer workstations in a facility that houses over one thousand inmates is insufficient to ensure inmates are provided reasonable access to the courts.  Plaintiff also complains that the policy applicable to inmates serving time in disciplinary deadlock which strips inmates of all reading materials except a bible, and allows inmates to use the telephone only once each week, is punitive and violates inmates' First Amendment rights.  Plaintiff requests in his amended complaint that he granted declaratory and injunctive relief and that he be awarded compensatory and punitive damages.

Since filing his amended complaint, plaintiff has filed two motions which this Court has construed as requests for preliminary injunctive relief.  In his first motion, plaintiff asserts that after being moved to the psychiatric receiving unit on the 7th floor of the KCCF he requested and received his legal paperwork from the property room, but three days later the legal paperwork was removed from his cell at the direction of Captain Michael Woodbury.  (*See* Dkt. No. 22.) Plaintiff also asserts that on the same day his legal paperwork was removed from his cell Corrections Program Administrator Bernie Dennehy, a defendant in this action, denied his request for legal supplies.  (*Id.*)  Plaintiff asks in his first motion that the KCCF be ordered to stop withholding his mail and his legal papers.  (*Id.*)

Plaintiff asks in his second motion that he granted a hearing on the request for preliminary injunctive relief set forth in his amended complaint.  (Dkt. No. 40.)  Plaintiff requests in his amended complaint that he be granted injunctive relief in the form of an order

REPORT AND RECOMMENDATION - 2

1   directing defendants to change disciplinary deadlock policies to allow plaintiff to be able to read

2   his AA book instead of a bible while serving disciplinary sanctions, to allow him to make

3   telephone calls whenever he's out of cell instead of just once a week, and to allow him access to

4   the legal computer workstation at least six hours per week.

5                                                    DISCUSSION

6          A preliminary injunction can take the form of a prohibitory injunction or a mandatory

7   injunction.  A prohibitory injunction preserves the status quo pending a determination on the

8   merits.  *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988).  A mandatory injunction, on

9   the other hand, goes well beyond simply maintaining the status quo and orders a party to take

10  action.  *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996).  Mandatory injunctions are

11  particularly disfavored and generally "are not granted unless extreme or very serious damage

12  will result and are not issued in doubtful cases or where the injury complained of is capable of

13  compensation in damages."  *Anderson v. United States*, 612 F.2d 1112, 1114-1115 (9th Cir.

14  1980).

15         To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of

16  success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of

17  preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that

18  an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20

19  (2008).  Plaintiff's requests for injunctive relief fails to meet this standard.

20         With respect to plaintiff's first motion requesting preliminary injunctive relief, the record

21  reflects that the withholding of his legal paperwork was temporary and that the paperwork was

22  returned to him approximately a month after it was taken following plaintiff's return from an

23  intervening transfer to Western State Hospital for evaluation and treatment.  (*See* Dkt. No. 26 at

REPORT AND RECOMMENDATION - 3

4 and Dkt. No. 53 at 2.)  Plaintiff's request for return of his legal materials thus appears moot.[2]

Plaintiff's request that the KCCF stop withholding his mail also appears moot.  Plaintiff made

only a brief reference to the withholding of his mail in his motion and since that time he has

exchanged a significant amount of correspondence with the Court and has made no further

mention of difficulties concerning his mail.  It appears that the mail restriction, similar to the

withholding of his legal paperwork, was merely temporary.[3]

    With respect to plaintiff's second motion requesting preliminary injunctive relief, the

Court notes that the relief plaintiff seeks is in the nature of a mandatory injunction because

plaintiff seeks an order modifying the current policy rather than an order which simply maintains

the status quo.  As noted above, such mandatory injunctions are disfavored.  And, in any event,

plaintiff fails to meet even the basic standard for obtaining preliminary injunctive relief.  Plaintiff

asks that the Court issue an order directing defendants to change their disciplinary deadlock

policies to allow him to read his Alcoholics Anonymous book while serving disciplinary

sanctions, to allow him to use the telephone whenever he is out of his cell rather than only once

per week as policy currently permits, and to grant him six hours each week on the computer legal

workstation or in a law library.

    Plaintiff has not, at this juncture, offered any evidence demonstrating that he is likely to

succeed on the merits of his claims challenging what he claims are unconstitutional policies at

---

    [2]  Captain Michael Woodbury, the official who directed the legal paperwork be removed from plaintiff's cell, indicates that the removal was attributable to plaintiff's mental health status involving a risk of self-harm.  (*See* Dkt. No. 53.)  The Court does not find Captain Woodbury's brief explanation particularly persuasive given that plaintiff was apparently permitted to retain other items such as pencils, toothbrushes and clothes in his cell and that other inmates in the same unit were apparently permitted to keep their legal paperwork.  (*See* Dkt. No. 22 at 7 and Dkt. No. 54 at 2.)  Nonetheless, because the legal paperwork appears to have been returned to plaintiff, there is no basis to grant injunctive relief.

    [3]  The Court notes that, in addition to the fact that the issues complained of by plaintiff in his first motion for preliminary injunctive relief appear to have been resolved, plaintiff makes no showing that the defendants in this action were in any way responsible for the deprivations complained of therein.  This Court has no jurisdiction to enjoin the activities of individuals who are not parties to this action.

REPORT AND RECOMMENDATION - 4

1    the KCCF.  Plaintiff also fails to demonstrate that he is likely to suffer irreparable harm absent

2    the requested relief.  The policies at issue in this case apply only to inmates against whom

3    disciplinary sanctions have been imposed.  It appears from the record that plaintiff has received

4    numerous serious rule infractions during the course of his incarceration at KCCF and that he has

5    been required to serve time in disciplinary deadlock on the occasions when he has been found

6    guilty of those infractions.  (*See* Dkt. No. 53 at 2.)  However, nothing indicates that plaintiff is

7    currently confined in disciplinary deadlock and therefore currently subject to the policies he

8    seeks to challenge.  The Supreme Court has made clear that the mere possibility of future injury

9    is not sufficient to support the issuance of a preliminary injunction.  *See Winter*, 555 U.S. at 22.

10          Moreover, even assuming plaintiff is currently subjected to the policies he complains of,

11   he has not demonstrated that he will suffer irreparable harm if the current policies concerning

12   disciplinary deadlock remain in place during the pendency of this action.  Should plaintiff

13   ultimately prevail on the constitutional claims asserted in his amended complaint, the types of

14   injuries complained of would be compensable by monetary damages.

15          Because plaintiff fails to establish in his requests for preliminary injunctive relief a

16   likelihood of success on the merits or a likelihood of irreparable injury, the Court need not

17   address the two remaining components of the standard set forth above.

18   //

19   //

20   //

21   //

22   //

23   //

REPORT AND RECOMMENDATION - 5

<u>CONCLUSION</u>

Based upon the foregoing, this Court recommends that plaintiff's motions for preliminary

injunctive relief be denied.[4]  A proposed order accompanies this Report and Recommendation.

DATED this <u>2nd</u> day of August, 2013.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

---

[4]  Plaintiff's motion to modify the proposed order to show cause for a preliminary injunction which he
submitted in conjunction with his second motion for preliminary injunctive relief (Dkt. No. 57) is DENIED.
Because plaintiff has not established that he is entitled to preliminary injunctive relief, his motion to modify is moot.

REPORT AND RECOMMENDATION - 6