UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY G. HERBERT,<br><br>                              Plaintiff,<br><br>        v.<br><br>CLAUDIA BALDUCCI, *et al*.,<br><br>                              Defendants. | Case No. C12-1429-MJP-JPD<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO COMPEL |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's pending motions. The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby find and ORDER as follows:

(1)    Plaintiff's motion to strike his pending motion for summary judgment (Dkt. No. 61) is GRANTED and the motion for summary judgment (Dkt. No. 35) is STRICKEN from the Court's calendar.

ORDER STRIKING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTIONS
TO COMPEL - 1

  (2) Plaintiff's motions to compel discovery (Dkt. Nos. 48, 59 and 64) are DENIED. Plaintiff, in the first of his three motions to compel, seeks an order compelling defendants to answer plaintiff's first set of interrogatories and requests for production.  In his second motion, plaintiff seeks an order compelling defendants to notify the Court of any change in King County Department of Adult and Juvenile Detention (DAJD) policy and to produce all published policies currently being enforced by DAJD.  In his third motion to compel, plaintiff objects to defendants providing redacted documents in response to one of his requests for production of documents. He also takes issue with defendants' objections to some of his interrogatories.

  In two of his three motions, plaintiff seeks to compel responses to discovery requests previously served on defendants.  Those two motions (Dkt. Nos. 48 and 64) are defective because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 37.  Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures.  *See* Fed. R. Civ. P. 37(a)(1).  Plaintiff did not submit the requisite certification with his motions to compel and, thus, the motions are procedurally deficient.

  As to plaintiff's third motion to compel (Dkt. No. 59), plaintiff seeks production of documents which, apparently, were not the subject of any prior discovery request.  Discovery requests must be made in accordance with the discovery rules as set forth in the Federal Rules of Civil Procedure and not by a motion to the court.  To the extent plaintiff seeks an order requiring defendants to notify the court of changes to DAJD policies during the pendency of this action,

ORDER STRIKING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTIONS
TO COMPEL - 2

the Court expects that any changes in policy relevant to the instant action will be brought to the Court's attention in due course. A separate order is unnecessary.

  (3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Marsha J. Pechman.

  DATED this 2nd day of August, 2013.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER STRIKING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTIONS
TO COMPEL - 3