UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY G. HERBERT,<br><br>             Plaintiff,<br><br>     v.<br><br>CLAUDIA BALDUCCI, *et al*.,<br><br>             Defendants. | Case No. C12-1429-MJP-JPD<br><br>ORDER DIRECTING SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND STRIKING NOTING DATE FOR DEFENDANTS' SUMMARY JUDGMENT MOTION |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Currently pending before the Court are plaintiff's two motions to compel and defendants' motion for summary judgment.  The Court, having reviewed the pending motions, all related briefing, and the balance of the record, does hereby find and ORDER as follows:

(1)     Plaintiff's motion to compel defendants to provide access to court material (Dkt. No. 76) is DENIED.  Plaintiff asserts that the King County Correctional Facility provides indigent inmates such as himself with only three sheets of paper, three envelopes, and one golf pencil per week and that these supplies are insufficient for him to adequately litigate this action.

ORDER DIRECTING SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL - 1

Plaintiff asks the Court to order defendants to provide him with additional supplies to ensure his ability to continue to litigate this case.  However, a review of the record in this case reveals that plaintiff has actively litigated this case since its inception, including filing numerous motions, serving discovery requests on defendants, and responding to defendants' submissions. Plaintiff fails to demonstrate that the alleged lack of supplies has thus far inhibited his ability to litigate this action.

(2)     Plaintiff's motion to compel discovery (Dkt. No. 77) is DEFERRED pending additional briefing from the parties.  Plaintiff seeks an order compelling defendants to produce specific documents requested in his first set of requests for production and to produce all of the documents requested in his second set of requests for production.  Defendants oppose plaintiff's motion, arguing that they have already provided discovery in response to plaintiff's first set of requests for production and first interrogatories.  Defendants further argue that plaintiff's second interrogatories are untimely and exceed the limitations set forth in Fed. R. Civ. P. 33(a)(1), and that plaintiff's motion is procedurally deficient because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1).

Taking the last issue first, plaintiff asserts in his motion that he sent a letter to defendants' counsel in August 2013 asking that she respond to all outstanding requests for production and suggests that this satisfies the Rule 37 requirement.  Defendants' counsel, in her declaration in opposition to defendants' motion to compel, does not address plaintiff's assertion that he sent a letter attempting to resolved outstanding discovery issues, she asserts only that plaintiff did not attempt to call her to resolve the issue.  Plaintiff, in his reply brief, maintains that he cannot call

ORDER DIRECTING SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL - 2

defendants' counsel from the facility because such calls are not afforded any privacy.[1]  He also maintains that he has attempted to correspond with counsel on several occasions but that she has chosen not to respond.

LCR 37(a) provides that a "good faith effort to confer . . . requires a face-to-face meeting or a telephone conference."  While perhaps not impossible for an incarcerated litigant to participate in a telephone conference, there are inherent limitations on such activities given institutional restrictions.  As defendants do not dispute that plaintiff sent a letter seeking to resolve the discovery dispute prior to filing his motion to compel, this Court concludes that plaintiff has satisfied the requirement that he make a good faith effort to confer prior to filing his motion to compel.

With respect to the substantive issues presented by plaintiff in his motion to compel, defendants' briefing is not sufficiently detailed to allow this Court to adequately evaluate the merits of plaintiff's motion.  Plaintiff asks that defendants be compelled to produce documents in response to five specific requests for production made in his first set of requests for production of documents.  Defendants respond generally that they provided "responses, documents and objections" to plaintiff's first set of requests for productions and that they supplemented their responses on at least two occasions.  However, defendants fail to make clear whether they actually produced documents in response to each of the specific requests for production identified by plaintiff in his motion or whether they responded in some other fashion to the

---

[1] Plaintiff identified his reply brief as a "Motion in Response to Linda M. Gallagher's Declaration in Opposition of Plaintiff's Motion to Compel" and that brief is unnecessarily appearing as a separate motion on the Court's motion calendar.  Because plaintiff's "motion in response" (Dkt. No. 82) is properly construed as a reply brief, it is STRICKEN from the Court's motion calendar.

ORDER DIRECTING SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL - 3

requests. Defendants must clarify this portion of their response and provide any appropriate supporting documentation.

Plaintiff also asks that defendants be compelled to produce documents in response to each of the requests for production set forth in his second set of requests for production of documents. Defendants do not address this issue at all in their response to plaintiff's motion. Instead, defendants address the issue of plaintiff's second interrogatories which were apparently served on defendants on August 12, 2013. The Court concurs that plaintiff's second interrogatories were untimely because they were served well after the June 24, 2013 discovery deadline. However, the Court cannot properly evaluate the merit of the issue actually raised by plaintiff; *i.e.,* that concerning his second set of requests for production, absent some substantive response from defendants.

(3)     Defendants are directed to file and serve a supplemental response to plaintiff's motion to compel not later than ***November 18, 2013***. Plaintiff's motion to compel is RENOTED on the Court's for consideration on ***November 22, 2013***. Plaintiff must file and serve any supplemental reply brief in support of his motion by that date.

(4)     Defendants' motion for summary judgment (Dkt. No. 65) is STRICKEN from the Court's calendar pending resolution of plaintiff's motion to compel and will be renoted at a later date. The parties are forewarned that prior to issuing a ruling on defendants' motion for summary judgment, it will be necessary for plaintiff to resubmit his memorandum in opposition to that motion.

Plaintiff filed a memorandum in opposition to defendants' summary judgment motion on August 9, 2013. That memorandum was scanned by the Clerk's Office and posted on the docket

ORDER DIRECTING SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL - 4

in the Court's Electronic Case Filing ("ECF") system. The version of the document scanned into ECF is only partially legible, likely because the handwriting on the original document was too light. The original document is no longer available to the Court. In order for the Court to properly consider plaintiff's arguments, a new memorandum, or a legible copy of the original memorandum, must be provided. The Court will establish a deadline for plaintiff to re-submit his memorandum in opposition to defendants' motion for summary judgment after the Court resolves the pending motion to compel.

(5) The Clerk is directed to send a copy of this Order to plaintiff together with a copy of his memorandum in opposition to defendants' motion for summary judgment (Dkt. No. 75). The Clerk is further directed to send copies of this Order to counsel for defendants and to the Honorable Marsha J. Pechman.

DATED this 22nd day of October, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL - 5