1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY G. HERBERT,

                                    Plaintiff,

        v.

CLAUDIA BALDUCCI, *et al.*,

                                    Defendants.

Case No. C12-1429-MJP-JPD

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL AND RE-NOTING
DEFENDANTS' SUMMARY JUDGMENT
MOTION

        This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is plaintiff's motion to compel defendants to provide legal.  The Court, having reviewed plaintiff's motion, defendants' response thereto, and the balance of the record, hereby finds and ORDERS as follows:

        (1)      Plaintiff's motion to compel defendants to provide legal supplies (Dkt. 87) is DENIED.  Plaintiff, by way of the instant motion, seeks to compel defendants to provide indigent inmates at the King County Correctional Facility ("KCCF") with legal supplies and to bring their law library system into compliance with the United States Supreme Court's holding in *Bounds v. Smith*, 430 U.S. 817 (1977).

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 1

To the extent plaintiff seeks to compel defendants to provide him with sufficient *pro se* legal supplies, the Court notes, as defendants did in their response to plaintiff's motion, that plaintiff previously filed a substantially similar motion which was denied by the undersigned on October 22, 2013.  (Dkt. 83.)  The Court concluded in its Order denying the prior motion that plaintiff had not demonstrated the alleged lack of supplies was hindering his ability to litigate this action.  (*Id.*)  Plaintiff's current motion is equally deficient.  And, in fact, the evidence presented by defendants in conjunction with their response to plaintiff's motion to compel makes clear that plaintiff has had ample access to legal supplies during the pendency of this action. (*See* Dkt. 89).

To the extent plaintiff seeks to compel defendants to provide other inmates with sufficient *pro se* legal supplies, his motion must also be denied because plaintiff lacks standing to litigate on behalf of other inmates.

Plaintiff's request that defendants be compelled to bring their law library system into compliance with *Bounds* is, in effect, a request for a mandatory injunction and is not relief properly sought by way of a motion to compel.  If plaintiff wishes to seek an injunction, he should file a motion, properly noted in accordance with LCR 7(d)(3), requesting such relief.  The Court does note that, at this juncture, plaintiff has provided no actual evidence demonstrating he has suffered an actual injury to his right of access to the courts as a result of the alleged deficiencies in the KCCF law library system, a necessary component of any access to courts claim.  *See Lewis v. Casey*, 518 U.S. 343 (1996) (in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that he suffered

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 2

some actual injury to his right of access).  If plaintiff chooses to seek further relief with respect to this issue, such evidence will be required.

(2)     Defendants previously filed a motion for summary judgment in this action which the Court ordered stricken from the calendar because of an outstanding discovery dispute.  (*See* Dkt. 83)  That discovery dispute has apparently now been resolved.  Accordingly, defendants' motion for summary judgment (Dkt. 65) is RE-NOTED on the Court's calendar for consideration on *February 28, 2014*.  Plaintiff must file and serve any response to defendants' motion not later than *February 24, 2014* and defendants must file and serve any reply brief in support of their motion not later than the date the motion is noted for consideration.[1]

(3)     The Clerk is directed to send a copy of this Order to plaintiff , to counsel for defendants, and to the Honorable Marsha J. Pechman.

DATED this 6th day of February, 2014.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Plaintiff previously filed a memorandum in response to defendants' summary judgment motion.  (*See* Dkt. 75.)  However, as plaintiff was advised in a prior Order of this Court, the version of the document scanned into the Court's Electronic Case Filing ("ECF") system is only partially legible and the original document is no longer available to the Court.  (*See* Dkt. 83.)  Thus, in order for the Court to properly consider plaintiff's arguments, a new memorandum, or a legible copy of the original memorandum, must be provided to the Court and to defendants.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL - 3