UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY G. HERBERT, | CASE NO. C12-1429 MJP |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| CLAUDIA BALDUCCI, et al. | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff Anthony G. Herbert's Objections (Dkt. No. 145) to the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge. (Dkt. No. 142.) Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation. Defendants' motion for summary judgment is GRANTED and Plaintiff's cross-motion for summary judgment is DENIED. Plaintiff's second amended complaint and this action are DISMISSED with prejudice.

//

//

**Background**

Plaintiff Anthony G. Herbert objects to the Honorable Magistrate Judge James P. Donohue's Report and Recommendation ("R&R") on Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment on the following bases: (1) the Magistrate Judge erred by concluding Defendants' law library policy allows inmates reasonable access to courts; and (2) the Magistrate Judge erred by concluding Defendants' policies for prisoners in disciplinary deadlock serve legitimate penological goals.  (Dkt. No. 145.) Defendants argue the Magistrate Judge did not err in these respects and that the Court should adopt the R&R.  (Dkt. No. 146.)

**Discussion/Analysis**

**A.  Legal Standard**

Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

**B.  Plaintiff's Objections to the Report and Recommendation**

**1.  Access to Courts**

The Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment as to Plaintiff's access to courts claim for the following reasons: (1) Plaintiff failed to provide evidence that he made repeated requests for access to the computer workstation following an incident of alleged excessive force that occurred in November 2011; (2) Plaintiff failed to provide evidence demonstrating that the individual Defendants named in this action had any direct involvement in decisions affecting Plaintiff's ability to gain access to the computer workstation during the relevant time period; and (3) Plaintiff failed to demonstrate that the legal

1    access scheme at King County Correctional Facility ("KCCF") was the "'but for' cause of his

2    inability and/or failure to file a lawsuit related to the alleged unlawful use of force." (Dkt. No.

3    142 at 11.)

4           Plaintiff argues he has presented evidence that he made repeated requests to attend the

5    law library and that Defendants' failure to provide him access to the law library hindered his

6    ability to file a non-frivolous suit. (Dkt. No. 145 at 3.) However, while Plaintiff has submitted

7    evidence showing he filed grievances regarding law library access while he was at KCCF, (see

8    e.g. Dkt. No. 138-1 at 17) (inmate grievance reports dated May and July 2012), Plaintiff has not

9    provided the Court with evidence showing he made requests to use the computer workstation

10   following the November 2011 incident. (Dkt. No. 142 at 11.) Further, the Magistrate Judge

11   correctly concluded that Plaintiff also has not provided the Court with evidence that the

12   individual Defendants named in this action were involved in any decisions that affected his

13   ability to access the computer work station during the relevant time period. (Id.) Finally, the

14   Magistrate Judge correctly concluded that Plaintiff's contention that he would have learned about

15   the Prison Litigation Reform Act's ("PLRA") exhaustion requirement if he had been given

16   adequate time to access the computer workstation is not supported by any evidence and is,

17   therefore, speculation. Plaintiff's objection to the R&R fails to point out any error in the R&R.

18   **2. Conditions of Confinement in Disciplinary Deadlock**

19          Plaintiff argues the Magistrate Judge failed to address his Establishment Clause and Free

20   Exercise Clause arguments. (Dkt. No. 145 at 3.) However, the Magistrate Judge considered

21   these arguments in the section of the R&R regarding Plaintiff's claims based on the conditions of

22   confinement in Disciplinary Deadlock. (Dkt. No. 142 at 11–15.) Plaintiff argues the following

23   restrictions imposed on inmates in Disciplinary Deadlock violate his First Amendment rights to

24

1  freedom of religion and freedom of speech: (1) restricting reading material to only a Bible; and

2  (2) restricting telephone access to one hour, one day per week.  (Id. at 4.)

3        The Magistrate Judge addressed Plaintiff's first argument and correctly found that this

4  argument was without merit because "the rules and procedures applicable to inmates placed on

5  disciplinary status do not require inmates to read a Bible, they merely limit reading material to a

6  religious text of some sort."  (Id. at 13.)  The Magistrate Judge also correctly found that

7  Defendants had offered evidence that Plaintiff's Alcoholics Anonymous book is not a religious

8  text and, therefore, Defendants did not improperly deny Plaintiff's requests to read his

9  Alcoholics Anonymous book while he was in Disciplinary Deadlock in violation of the First

10 Amendment.  (Id.)  Plaintiff's objection to the R&R fails to point out any error in the R&R.

11       With respect to Plaintiff's second argument, the Magistrate Judge correctly noted that

12 "Defendants have presented evidence that the plaintiff was assigned to disciplinary deadlock"

13 and that "the restrictions on prisoners in disciplinary deadlock are intended to be temporary and

14 to create an incentive to those inmates to improve their behavior while confined at KCCF." (Dkt.

15 No. 142 at 14.)  This is a legitimate penological interest.  See Beard v. Banks, 548 U.S. 521, 530-

16 531 (2006).  Because he does not show the restrictions imposed on pretrial detainees in

17 Disciplinary Deadlock do not serve legitimate correctional goals, Plaintiff's objection to the

18 R&R fails to point out any error in the R&R.

19                                    **Conclusion**

20       The Court ADOPTS the Report and Recommendation.  Defendants' motion for summary

21 judgment is GRANTED and Plaintiff's cross-motion for summary judgment is DENIED.

22 Plaintiff's second amended complaint and this action are DISMISSED with prejudice.

23 //

24

1   The clerk is ordered to provide copies of this order to all counsel.

2   Dated this 27th day of April, 2015.

3

4                                        _____
                                         Marsha J. Pechman
5                                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION- 5